IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARY E. MOULTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 15-293-SLR |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

At Wilmington this 12th day of December, 2016, having reviewed plaintiff's motion to alter or amend judgment under Fed. R. Civ. P. 59(e), and the response thereto; the court denies the motion for the reasons that follow:

1. **Standard of review.** Motions under Rule 59(e) are sparingly granted, as their purpose is limited to "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) an intervening change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* It goes without saying, therefore, that a motion under Rule 59(e) that advances the same arguments already thought through and rejected by the court - rightly or wrongly - should be denied. *See, e.g., Lazaridis v.*

*Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Savage v. Bonavitacola*, 2005 WL 730679 (E.D. Pa. Mar. 29, 2005), at *1 (citing *Glendon Energy Co. v. Boroough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

2. **Analysis.** Plaintiff asserts that the court's prior decision "is based upon a clear error of law" which, "if left uncorrected, will result in manifest injustice to [plaintiff] as well as future disability claimants." (D.I. 23 at 2) More specifically, plaintiff argues that because she cannot perform the full range of either light or sedentary work, it was legal error to deny her disability benefits.

3. It is the court's responsibility to determine if the ALJ's disability determination is supported by substantial evidence. The court reviewed the record carefully, and observed (as had the ALJ) the inconsistencies between the objective medical evidence and the treating physicians' own disability determinations. Having determined that the ALJ's summary of the plaintiff's capabilities was supported by the record evidence, the court further found that the ALJ's application of the facts to the legal standard was not in error. That is, the court concluded that the ALJ had properly applied the facts of record to the analytical framework set forth in SSR 83-12, 1983 WL 31253. *Accord Anderson v. Astrue*, 825 F. Supp. 2d 487, 497 (D. Del. 2011), and *Bryant v. Colvin*, 2015 WL 1401001, at *1 (M.D. Pa. Mar. 26, 2015).

4. **Conclusion.** The court declines to amend or alter its judgment based on the arguments set forth in plaintiff's motion, as the court considered and rejected such in its

August 31, 2016 memorandum opinion. An appropriate order shall issue.

_____
United States District Judge